UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN Re:     TERRI L. STEFFEN,

        Debtor.
_____/

MICHAEL PETERS,

        Appellant,

vs.                                Case No. 8:09-cv-1914-EAK

UNITED STATES OF AMERICA,

        Appellee.
_____/

## ORDER ON APPEAL OF SANCTIONS IMPOSED ON MICHAEL PETERS

This matter comes before the Court on Appellant Michael Peters' appeal of an order of the Bankruptcy Court imposing sanctions for his failure to appear at a deposition or produce documents pursuant to a subpoena served on him in the bankruptcy case of Terri L. Steffen. For the reasons set forth below, the order of the Bankruptcy Court shall be **AFFIRMED**.

## BACKGROUND

This cause arises from an adversary proceeding heard before the Bankruptcy Court in the case of debtor Terri L. Steffen. United States v. Steffen, 406 B.R. 139 (Bank. M.D. Fla. 2009). Steffen filed for Chapter 11 bankruptcy protection on May 29, 2001, and the case was converted to Chapter 7 on December 19, 2007. The United States instituted an action opposing the entry of a discharge order pursuant to 11 U.S.C. § 727(c)(1), alleging that Steffen had wrongfully dissipated assets during the course of her Chapter 11 bankruptcy case in an attempt to hinder,

1

delay, or defraud creditors. The government alleges that Steffen fraudulently transferred real property located at 16299 Villareal De Avila, Tampa, Florida, first to the Guerrini Family Limited Partnership, and then to Daer Holding, LLC, while it in fact remained in Steffen's possession.

Pursuant to these allegations, the government sought discovery from David Slavinsky and Michael Peters, the principals of Daer Holding, as well as others involved in the allegations. After conferring with David Hammer, counsel for both Slavinsky and Peters as well as Steffen, the government scheduled a series of depositions for the week of March 16, 2009. The government subpoenaed Slavinsky and Peters on February 10, 2009, to appear for depositions and produce documents on March 19, 2009. Slavinsky's deposition was scheduled for 9:00 A.M., and Peters' for 1:00 P.M. On March 9, Hammer filed a motion to quash the subpoenas of Slavinsky and Peters on the grounds that their involvement in Daer Holding was irrelevant to Steffen's bankruptcy case and amounted to harassment. On March 17, the Bankruptcy Court verbally denied the motion to quash, issuing a formal order on March 28, 2009.

On March 16, the government's attorney flew to Tampa for the depositions of Slavinsky and Peters, as well as other depositions scheduled for that week. On March 19, Slavinsky appeared along with Hammer for his deposition at 9:00 A.M. Hammer stated that, while he was aware of the court ruling denying the motion to quash his subpoena, the deposition date had not been cleared with Peters and he would not be appearing that afternoon due to a scheduling conflict. Hammer also stated that he objected to the U.S. Attorney's Office as the venue of the depositions. Hammer terminated Slavinsky's deposition after objecting to questions related to Slavinsky's income and business clients. Amidst the ensuing argument, the government attorney

stated that a U.S. Marshal would be called if necessary. Hammer stated that there would be no more depositions.

At 12:26 P.M., Hammer filed an emergency motion for protective order on behalf of Steffen for all remaining depositions in the case, alleging that the venue of the deposition at the U.S. Attorney's Office was improper, and that government counsel's questioning during Slavinsky's deposition, including the threat to call a U.S. Marshal, had been improper. In his brief, Hammer stated that he instructed Peters not to attend his deposition pursuant to this pending motion. The government attorney appeared at 1:00 P.M. as scheduled for Peters' deposition, but Peters did not appear for his deposition nor produce documents. The emergency motion for protective order was eventually denied on April 23, and a formal order was entered on May 3, 2009.

On April 16, the government filed a motion for sanctions against several individuals who had been scheduled for deposition that week, including Peters for his failure to appear at his deposition or produce documents. The Bankruptcy Court granted the motion in an order dated May 15, 2009, imposing sanctions in the amount of $533.44 against Peters, a pro rata share of the $2,677.20 in total fees and costs incurred by the government as set forth in their May 4, 2009 Declaration of Fees and Costs. Peters filed a motion to reconsider and vacate the order imposing sanctions, which was denied. Peters then filed this appeal to the District Court. Peters contends the imposition of sanctions was incorrect because there was an emergency motion for protective order pending at the time he did not appear for his deposition.

## JURISDICTION

An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court in the judicial district where the bankruptcy judge is serving is permitted by 28 U.S.C. §

3

158(a)(1). A determination of a district court's jurisdiction to hear an appeal from a bankruptcy court under 28 U.S.C. § 158(a)(1) is made applying the standards used to determine a court of appeals' jurisdiction to hear an appeal from a district court under 28 U.S.C. Section 1291. *See* In re Charter Co., 778 F. 2d 617, 620 (11th Cir. 1985). The general rule is that a decision is final and appealable only if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Catlin v. United States 324 U.S. 229 (1945). Orders imposing sanctions for failure to appear at a deposition are not immediately appealable except in limited circumstances. Robinson v. Turner, 798 F.2d 1378, 1380 (11th Cir. 1986)

Under the collateral order doctrine there is a small category of non-final orders that are properly appealable, namely those that conclusively determine the disputed question, resolve an important issue completely separate from the merits of the actions, and that would be effectively unreviewable on appeal from a final judgment in the underlying action. Digital Equipment Corp. v. Desktop Direct, Inc. 511 U.S. 863 (1994). One such exception under the collateral order doctrine occurs where sanctions are imposed on a third-party. Robinson, 798 F.2d at 1381. As an appeal from Bankruptcy Court in the Middle District of Florida imposing sanctions on a third party who could not obtain an appeal from a final order of the underlying action, this Court has jurisdiction.

## STANDARD OF REVIEW

Bankruptcy Courts are governed by the Federal Rules of Bankruptcy Procedure. On appeal, Federal Rule of Bankruptcy Procedure 8013 states that a District Court shall review the factual findings of a Bankruptcy Court for clear error. Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility

4

of witnesses."). *See also* <u>Citronelle-Mobile Gathering, Inc. v. Watkins</u>, 943 F. 2d 1297 (11th Cir. 1991); <u>In re Goerg</u>, 930 F.2d 1563, 1566 (11th Cir. 1991). The District Court reviews de novo the conclusions of law of the Bankruptcy Court and application of the law to the particular facts of the case. *See* <u>JLJ Ind.</u>, 988 F.2d at 1116; <u>In re Sublett</u>, 895 F.2d at 1383.

The appeal of discovery sanctions is subject to review under an abuse of discretion standard. <u>Harris v. Chapman</u>, 97 F.3d 499, 506 (11th Cir. 1996) ("We review a decision of the district court to deny sanctions for abuse of discretion."). *See also* <u>BankAtlantic v. Blythe Eastman Paine Webber, Inc.</u>, 12 F. 3d 1045, 1048 (11th Cir. 1994) ("[T]he standard of review for an appellate court in considering an appeal of sanctions under [R]ule 37 is sharply limited to a search for an abuse of discretion. . ."). The standard of review to be applied in this case is whether the Bankruptcy Court abused its discretion in imposing sanctions on Peters.

## DISCUSSION

Part VII of the Federal Rules of Bankruptcy Procedure governs adversary proceedings arising in Bankruptcy Court including a proceeding ". . . to object to or revoke a discharge . . ." Fed. R. Bankr. P. VII. The Federal Rules of Bankruptcy Procedure incorporate the discovery procedures set forth in the Federal Rules of Civil Procedure to govern adversary proceedings. Id. The Rules of Civil Procedure state that a party may depose any person, without leave of court, and may compel the attendance of that person with a subpoena by following the requirements of Rule 45. Fed. R. Civ. P. 30. A command to produce documents may be included in a subpoena commanding attendance at a deposition. Fed. R. Civ. P. 45(c). A person commanded to produce documents may object in writing before the earlier of the time specified for compliance or fourteen days after the subpoena is served. Fed. R. Civ. P. 45(c)(2)(B). The court has the power to hold in contempt a person who fails to obey a served subpoena. Fed. R. Civ. P. 45(e).

5

The failure to appear for a deposition after being properly noticed or failure to serve answers after being served with interrogatories is grounds for sanctions to be ordered. Fed. R. Civ. P. 37(d)(1)(A).). "Sanctions allowed under [Fed. R. Civ. P.] 37 are intended to: 1) compensate the court and other parties for the added expenses caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." Wouters v. Martin County, 9 F.3d 924, 933 (11th Cir. 1993). A failure to appear for a deposition is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c). Fed. R. Civ. P. 37(d)(2). Rule 26(c)(1) states that "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c)(1).

Sanctions for failure to appear at a deposition can be ordered in spite of a pending motion for protective order if that motion is found to be untimely, frivolous, or otherwise for the purpose of avoiding the taking of a deposition. *See* National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602 (11th Cir. 1984) (imposing sanctions even though motion for protective order was granted because it was filed late in the afternoon the day before the deposition and opposing counsel had already flown to the deposition location); Kelly v. Old Dominion Freight Line, Inc., 2010 WL 1676772 (11th Cir. 2010) (dismissing case for filing of frivolous motion for protective order to avoid being deposed and other discovery violations).

In the present case, the government properly served Michael Peters on February 10, 2009, with a subpoena to appear for a deposition and to produce documents on March 19, 2009. Peters did not file an objection to the document request within fourteen days as required by Federal

6

Rule of Civil Procedure 45(c)(2)(B). In denying a motion filed on behalf of Peters and Slavinsky to quash their subpoenas, the bankruptcy judge ordered on March 17 that they appear for depositions. On March 16, government counsel flew to Tampa for the deposition of Peters and others scheduled for that week, as well as making other arrangements for the deposition to take place. On the morning of the same day Peters was to appear, Peters' attorney notified the government that Peters would not appear for his deposition due to another commitment. That afternoon, just prior to the scheduled time of Peters' deposition, an emergency motion for protective order was filed on behalf of the debtor in the underlying bankruptcy case. That motion was later dismissed as baseless. In accordance with Federal Rules of Civil Procedure 45 and 37, the Bankruptcy Court did not abuse its discretion in imposing sanctions on Michael Peters for his failure to obey a served subpoena requiring him to attend a scheduled deposition and produce documents, both of which he failed to do. Accordingly, it is:

**ORDERED** that the Bankruptcy Court's May 15, 2009 order imposing sanctions on Michael Peters is **AFFIRMED** and this appeal is **DISMISSED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 14th day of July, 2010.

ELIZABETH KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc: All Parties and Counsel of Record.